UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-62102-BECERRA/AUGUSTIN-BIRCH

LANA HORNE,

    Plaintiff,

v.

ZIMMER BIOMET SPINE, INC.,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S DISCOVERY MOTION FOR RELIEF

This cause comes before the Court on Defendant Zimmer Biomet Spine, Inc.'s Discovery Motion for Relief. DE 76. Plaintiff Lana Horne filed a Response to the Motion,[1] and Defendant filed a Reply. DE 78; DE 80. The Court held a hearing on the Motion on February 4, 2025, via Zoom Video Teleconference. The Court has carefully considered the briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion [DE 76] is **GRANTED IN PART AND DENIED IN PART**.

### I.   Factual Background

This is a product liability action in which Plaintiff claims damages due to an allegedly defective artificial disc implant, called the Mobi-C cervical disc, that was implanted in her spine

---

[1] Plaintiff did not respond to the Motion in a timely manner, and the Court then entered an Order to Show Cause. DE 77. In responding to the Order to Show Cause, Plaintiff contended that the deadline set in the Court's Order Setting Discovery Procedures for responding to a discovery motion (two business days after the discovery motion is filed) conflicts with an order at docket entry 76 for the response to have been filed by February 5. DE 79 at 1 ("Therefore, there is a conflict in the two (2) orders concerning discovery motions which orders a response within two (2) business days and the order giving until 2/5/25 to response [sic] to the motion."). To be clear, Defendant created docket entry 76. The docket entry is not a Court order. It does not contain information from the Court. Each party is responsible for ensuring that it complies with all orders and deadlines.

in 2017.  DE 65 ¶¶ 53, 57.  Defendant manufactured the Mobi-C cervical disc.  *Id.* ¶ 7.  Plaintiff raises one count of manufacturing defect.  *Id.* at 2.  She alleges that her "special damages" include "lost wages[,] reimbursements of medical and other related bills, future medical bills, and the reasonable value of the loss of services" and that her "general damages" include "pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, freight [sic], anger, anxiety, worry, nervousness, shock, anguish, and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care, and companionship." *Id.* ¶¶ 136–37.

## II.   Analysis

Defendant's requests in its Motion fall into four categories: (1) a computation of damages, (2) responses to Request #'s 20 and 22 of Defendant's First Requests for Production, (3) responses to Request #'s 1–5 of Defendant's Second Requests for Production, and (4) material from Plaintiff's spouse.  As an initial matter, the bulk of Plaintiff's Response to the Motion is a long chart of the discovery that she maintains she has produced thus far, with the dates of production. DE 78 at 1–4.  This chart is inadequate to respond to any of the arguments Defendant makes in the Motion.  The Court cannot ascertain from the chart which productions were intended to be responsive to which discovery requests.  The Court views Plaintiff's actual response to Defendant's arguments as being that which follows the chart on page 4 of the Response. *See id.* at 4.

### A. Computation of Damages

A party's initial disclosures must include

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

2

Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party must make its initial disclosures based on the information then reasonably available to it" and "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E); *see also Pro. LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-cv-61376, 2015 WL 11578511, at *2 (S.D. Fla. July 24, 2015) ("A party cannot shirk its obligations to provide initial disclosures based on arguments that they do not have a breakdown of damages or that a subsequent recalculation would be necessary." (citing *City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 905 (11th Cir. 2013))).

Defendant contends that Plaintiff has not provided the required computation of damages. Plaintiff responds by pointing to her initial disclosures and amended initial disclosures filed at docket entries 34 and 36. Those disclosures are in the form of charts listing medical providers. DE 34; DE 36. In the "Damages" columns, the charts state either "Medical Bills" or "Medical Bills amount unknown" for every provider. In the amended initial disclosures, Plaintiff estimates that her total damages are $2,500,000. DE 36 at 4. There are additional initial disclosures filed at docket entry 69. Those disclosures are also in the form of a chart, and every row of the "Damages Claimed" column states "In excess of $75,000.00."[2] DE 69.

These disclosures do not comply with Rule 26(a)(1)(A)(iii). *Cf. Fuller v. Carollo*, No. 1:18-cv-24190, 2022 WL 19408758, at *3 (S.D. Fla. Dec. 16, 2022) (ruling that plaintiffs failed to comply with Rule 26(a)(1)(A)(iii) when they merely disclosed that their compensatory damages were at least $8,295,000, their punitive damages were at least $10 million, and their emotional distress damages would "be disclosed at an appropriate time" (quotation marks omitted)). Plaintiff must provide "a computation of each category of damages" she is claiming— be it lost wages, medical bills, pain, emotional distress, *et cetera*—and must make available for

---

[2] During the February 4 hearing, Plaintiff contended that she had amended her disclosures again more recently. Those amended disclosures are not in the record, and the Court has not reviewed them for compliance with Rule 26(a)(1)(A)(iii).

3

inspection and copying the material supporting the computations. If Plaintiff is claiming medical bills for different providers, her computations must include the total that each provider has billed. If Plaintiff later learns that a computation is incorrect or incomplete, she has an obligation to supplement her disclosure. Fed. R. Civ. P. 26(e)(1)(A).

### B. Responses to Request #'s 20 and 22

Request #'s 20 and 22 of Defendant's First Requests for Production asked:

> **REQUEST NO. 20:**
>
> Please produce copies of documents, including photographs, videos, itineraries, ticket records, and/or any similar document, and all data recorded or written by all travel or location trackers—*i.e.*, any wearable or handheld device, app, and/or computer application that records a person's travel and location—related to Your vacations or travel anywhere more than 100 miles from Your home from the date You were first implanted with the Product(s) through the present.
>
> **REQUEST NO. 22:**
>
> Please produce copies of all photographs or videos that depict You since the date any of the Product(s) were removed/revised, which are maintained on any cameras, DVDs, Blu-ray or other discs, VHS or other videotapes, as hard copies, or any of Your electronic devices, including but not limited to smart phones, cellular phones, iPhones, iPads, tablets, laptops, or computers. All responsive photos and videos must be produced in native format.

DE 76-7 at 13–14. Plaintiff did not object to Request #'s 20 and 22, thereby waiving any objections. *See* Southern District of Florida Local Rule 26.1(e)(2)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."). Plaintiff responded "not in possession" to Request # 20 and responded "none known of the doctors may have" to Request # 22. DE 76-8 at 3. In amended responses, Plaintiff responded "None of knowledge. Refer to medical records for specifics recorded" to Request # 20 and responded "Refer to any and all medical records previously produced" to Request # 22. DE 76-6 at 2.

4

Defendant argues that Plaintiff's responses and production for Request #'s 20 and 22 are inadequate. As an example of responsive material Plaintiff has withheld, Defendant states that it has evidence Plaintiff traveled to Texas multiple times and to Nassau in 2017, and she has not produced any documentation of that travel. DE 80 at 2. In response, Plaintiff states only that she produced copies of her passport, photographs of a 2015 vacation to Nassau, and a medical letter. DE 78 at 4.

To the extent that Plaintiff has not fully produced material responsive to Request #'s 20 and 22, she must do so. Further, mere possession is not the standard for the obligation to respond to a request for production. Plaintiff must produce responsive material in her "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see also Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). Withholding responsive material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

### C. Responses to Request #'s 1–5

Request #'s 1–5 of Defendant's Second Requests for Production asked for material relating to accidents in 2005, 2007, and 2016, documents relating to any permanent partial impairment rating, and documents relating to any application for disability benefits. DE 76-9 at 6–9. Plaintiff did not object to Request #'s 1–5, thereby waiving any objections. Plaintiff responded to Request #'s 1–5 by stating either "Not in possession," "All records in possession have been preciously [sic] produced," or "No new records in possession." DE 76-10 at 2–3.

Defendant maintains that Plaintiff's responses and production for Request #'s 1–5 are inadequate. Beyond stating that she produced a Form SSA-3288,[3] Plaintiff does not address

---

[3] Form SSA-3288 is a Consent for Release of Information that is directed to the Social Security Administration.

Request #'s 1–5 in her Response, thereby waiving any argument concerning these Requests. *See King Ocean Servs., Ltd. v. CI Mistic SAS Fruits & Vegetables, LLC*, No. 23-22227-CIV, 2023 WL 8234567, at *4 n.3 (S.D. Fla. Nov. 28, 2023) ("CI Mistic fails to respond to this argument at all . . . , and therefore waives any responsive argument it may have had[.]").

To the extent that Plaintiff has not fully produced material responsive to Request #'s 1–5, she must do so. She must produce responsive material in her possession, custody, or control, and withholding responsive material may result in sanctions.

### D. Material from Plaintiff's Spouse

Defendant noticed Plaintiff's spouse, Willie Horne, for a deposition, and that deposition took place on November 22, 2024. DE 76-11 at 2; DE 76-12 at 2. In the deposition notice, Defendant commanded Mr. Horne to produce certain material in advance of the deposition. DE 76-11 at 2–3, 5–6. Defendant contends that Mr. Horne has never produced that material, and Defendant asks the Court to compel Plaintiff to produce the material. Plaintiff does not address this topic in her Response, thereby waiving any argument on the topic.

Defendant acknowledged during the February 4 hearing that it did not subpoena Mr. Horne—a non-party—to produce the material. If Defendant seeks discovery material from Mr. Horne, Defendant must serve a subpoena that complies with Federal Rule of Civil Procedure 45. If Defendant instead seeks the discovery material from Plaintiff herself, Defendant must serve a discovery request. Defendant's request that Plaintiff be compelled to produce the material previously requested from Mr. Horne is denied.

### III.   Conclusion

For the foregoing reasons, Defendant Zimmer Biomet Spine, Inc.'s Discovery Motion for Relief [DE 76] is **GRANTED IN PART AND DENIED IN PART**. **Within ten days of the date of this Order**, Plaintiff must serve on Defendant a computation of damages that complies with

this Order and all material within her possession, custody, or control that is responsive to Request #'s 20 and 22 of Defendant's First Requests for Production and Request #'s 1–5 of Defendant's Second Requests for Production.  Upon completing her production, Plaintiff must serve a Notice of Completion of Production that complies with Southern District of Florida Local Rule 26.1(e)(7).  The Court reminds Plaintiff again that she has an obligation to supplement her discovery responses if she learns that they are incorrect or incomplete and that withholding responsive material may result in sanctions.  Fed. R. Civ. P. 26(e)(1)(A), 37(b)(2), (c)(1).

Further, during the February 4 hearing, the parties indicated that non-party discovery is not moving forward, in part because there was a misunderstanding about which party would subpoena which non-parties.  Accordingly, **within five days of the date of this Order**, counsel must confer about the non-party discovery that remains to be completed.  The conferral must be either in person, via telephone, or via video teleconference.  Emails, voice messages, and any other method of communication are insufficient.  Among the topics to be discussed, counsel must confer about which non-parties may have information that is relevant to this case, which non-parties discovery should be requested from, and which party will subpoena or otherwise approach each non-party in order to obtain the discovery.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 7th day of February, 2025.

                                                PANAYOTTA AUGUSTIN-BIRCH
                                                UNITED STATES MAGISTRATE JUDGE